UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREG GAST and MARY BETH GAST, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-465-RLY-DML |
| | ) | |
| DRAGON ESP, LTD., CRENSHAW REAL | ) | |
| PROPERTIES, IV, LTD., THE FULTON | ) | |
| COUNTY PLAN COMMISSION, THE | ) | |
| MODERN GROUP GP-SUB, INC., W. | ) | |
| CRENSHAW MANAGEMENT, LLC, | ) | |
| Defendants. | ) | |

**ENTRY ON THE FULTON COUNTY PLAN COMMISSION'S MOTION TO DISMISS**

Defendant, the Fulton County Plan Commission ("the Commission"), moves to dismiss this cause for insufficiency of service of process, lack of standing, and failure to state a claim, under Federal Rules of Civil Procedure 12(b)(5), 12(b)(1), and 12(b)(6), respectively. For the reasons stated below, the court **GRANTS** the Commission's motion.

**I.    Background**

Greg Gast and Mary Beth Gast (collectively "Plaintiffs") own residential and agricultural property in Fulton County, Indiana, which is located approximately 200 feet from a manufacturing facility ("Dragon Facility") owned by Crenshaw Real Properties,

1

IV, Ltd. ("Crenshaw"), and operated by Dragon ESP, Ltd. ("Dragon"). (Complaint ¶¶ 1-2, 28). Plaintiffs allege that they and their neighbors suffer from noise and air pollution emanating from the Dragon Facility. (*Id.* ¶¶ 31-33). From 2005 until 2008, Plaintiffs attended almost every public hearing held by the Commission to address their concerns regarding operations at the Dragon Facility. (*Id.* ¶ 24). Plaintiffs complained to the Commission that the Dragon Facility was built and operated in an agriculturally zoned area, and requested that the Commission force the Dragon Facility to cease operation. (*Id.* ¶¶ 39-40). In November 2008, the Commission prohibited Plaintiffs from attending further public hearings. (*Id.* ¶ 45).

Count VII of Plaintiffs' Complaint alleges that the Commission failed to follow proper procedures in relation to the issuance of building permits to the Dragon Facility. (*Id.* ¶ 80). On March 16, 2009, Plaintiffs filed the present suit in Indiana state court. On April 15, 2009, the instant action was removed to this court. On May 20, 2009, Defendants, the Modern Group GP-SUB, Inc.("Modern") and W. Crenshaw Management, LLC ("Crenshaw Management"), moved to dismiss for lack of personal jurisdiction, and on March 30, 2010, the court denied the motion. On February 16, 2010, Plaintiffs sought a summons from the court to be served on the Commission, and effectuated service on the Commission on March 12, 2010.

## II.  Motion to Dismiss Standard

Dismissal under Rule 12(b)(5) asks the court whether service of process on the defendant was sufficient. *See* FED. R. CIV. P. 12(b)(5). "When the sufficiency of service

2

is challenged, plaintiff bears the burden of making a prima facie showing that service was properly effected and that personal jurisdiction exists." *Trotter v. Oppenheimer & Co., Inc.*, 1997 WL 102531, at *2 (N.D. Ill. Mar. 4, 1997). Where there has been insufficient service of process, the court does not have personal jurisdiction over a defendant. *Pike v. Decatur Mem'l Hosp.*, 2005 WL 2100251, at *1 (S.D. Ind. Aug. 26, 2005) (citing *Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir. 1966)). In determining whether the plaintiff has properly served the defendant, the facts are viewed in the light most favorable to the non-moving party. *Cardenas*, 2010 WL 610621, at *2 (citing *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1271, 1275 (7th Cir. 1999)).

### III. Discussion

The Commission argues that Plaintiffs' claims against it should be dismissed for insufficient service of process. Rule 4(m) provides that service must be effected upon a defendant within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). However, if Plaintiffs show that good cause exists for failing to effect timely service, the court must extend the time for service. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Good cause means "a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Should Plaintiffs fail to show good cause for their failure to accomplish timely service, the court may still, in its discretion, grant an extension of time for service. *United States v. Ligas*, 549 F.3d 497, 499 (7th Cir. 2008). Some factors that the court may consider in determining whether to grant a permissive extension are whether

Plaintiffs' suit will be barred by the applicable statute of limitations, prejudice to the Commission if the suit is not dismissed, if the Commission evaded service or concealed a defect in attempted service, the Commission's actual notice of the lawsuit, and whether service was eventually effected, even if untimely. *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998); FED. R. CIV. P. 4(m) advisory committee notes (1993). Thus, grounds for an extension exist if Plaintiffs demonstrate either good cause or excusable neglect – in the case of good cause, an extension is mandatory; in the case of excusable neglect, it is permissive. *Coleman*, 290 F.3d at 934 (citing *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Plaintiffs contend that good cause exists for two reasons. First, Plaintiffs assert that they intentionally waited to serve the Commission until after the court issued it's ruling on the motion to dismiss filed by Defendants, Modern and Crenshaw Management. Plaintiffs' argument is insufficient to establish good cause because, even if the court granted Defendants' motion to dismiss, only Modern and Crenshaw would be affected by the court's adverse ruling. The other Defendants subject to the CERCLA claim, Crenshaw and Dragon, would have remained, and the court would have retained subject-matter jurisdiction over those Defendants. In addition, Plaintiffs' argument conflicts with the factual posture of events, as the court denied Modern and Crenshaw Management's motion to dismiss on March 30, 2010 – 18 days after Plaintiffs' effectuated service on the Commission.

Second, Plaintiffs assert that good cause exists due to the fact that there was a possibility of settlement with other Defendants. That argument also fails to establish a valid reason for delay, as the chance for settlement exists in all cases. Therefore, Plaintiffs fail to demonstrate good cause for their untimely service on the Commission.

Plaintiffs also fail to establish excusable neglect. The record indicates that Plaintiffs failed to notify the Commission of the litigation until the Commission was served almost a year after this case was removed. In addition, Plaintiffs failed to notify the court of their reason for delay, nor did Plaintiffs move for an extension of time to effect service on the Commission. Due to Plaintiffs' blatant inaction toward any attempt to timely serve the Commission, coupled with the fact that the Commission would be prejudiced if the court permitted such an extension, Plaintiffs' untimely service of process is not a result of excusable neglect. Therefore, Plaintiffs' claims against the Commission must be dismissed for failure to timely effectuate service.

The Commission also argues that dismissal is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiffs failed to follow the statutory procedures for bringing a claim against the Commission, and that dismissal is appropriate under Rule 12(b)(6) for failure to state a claim because Plaintiffs' claims against the Commission are barred by the Indiana Tort Claims Act. However, the court need not address these arguments, as sufficient grounds for dismissal exist under Rule 12(b)(5).

## IV. Conclusion

Based on the foregoing reasons, the Commission's motion to dismiss (Docket #

50) is **GRANTED**. Therefore, all of Plaintiffs' claims against the Commission are **DISMISSED without PREJUDICE**.

**SO ORDERED** this 12th day of November 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

James M. Hinshaw
BINGHAM MCHALE LLP
jhinshaw@binghammchale.com

Kenneth J. Munson
BINGHAM MCHALE LLP
kmunson@binghammchale.com

Rafael A. Sanchez
BINGHAM MCHALE LLP
rsanchez@binghammchale.com